HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON PERRON,

        Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,

        Defendants.

CASE NO. C17-215 RAJ

ORDER

**I.**     **INTRODUCTION**

This matter comes before the Court on Defendant Federal Bureau of Investigation's ("FBI" or "Defendant") Motion to Dismiss. Dkt. # 11. Plaintiff did not file a response to this Motion. For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

**II.**     **BACKGROUND**

The following is taken from Plaintiff's Amended Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

ORDER- 1

Plaintiff, proceeding *pro se*, brings this action against Defendants, the Federal Bureau of Investigation ("FBI"), the FBI National Instant Criminal Background Check ("FBI NICS") Division, FBI NICS officers, and United States Attorney for the Western District of Washington, Annette L. Hayes, claiming erroneous denial of a firearm. Dkt. # 9 (Amended Complaint) at 2.

Plaintiff alleges that on March 13, 2015, he attempted to purchase a firearm and that the transaction was denied by the National Instant Criminal Background Check System ("NICS") because of a prior conviction. *Id.* He alleges that he had further communications with NICS disputing this denial and the reasons for it. *Id.* On August 12, 2015, Plaintiff alleges that he received a notification that there was insufficient evidence to overturn his denial. Plaintiff responded several times but received no further communications from NICS. *Id.* Plaintiff alleges that he lost "countless hours of recreation" due to this denial. *Id.*

Plaintiff further alleges that in 2014, a man named Kevin Maitland began threatening to kill him. Dkt. # 9 at 3. He reported these threats to the San Jose Police Department, the Gilroy Police Department, and the San Benito County Sheriff Department. *Id.* On June 11, 2015, Plaintiff received a subpoena to be witness at a trial against Mr. Maitland. *Id.* Plaintiff contends that he moved to Washington State because he feared for his life and attempted to purchase a firearm because he had reason to believe that Mr. Maitland knew of his move and was a continuing threat. *Id.*

Plaintiff requests that the Court order that: (1) the names of all employees that worked on his case be disclosed so that they may be served; (2) FBI NICS "properly investigate denial appeals"; (3) FBI NICS allow his purchase of a firearm to proceed; (4) all background checks be passed "as long as the NICS division of the FBI is closed"; (5) an award of $400 for the filing fee for this action; and (6) an internal investigation into this matter with the FBI. Dkt. # 9 at 4.

On June 2, 2017, Defendant FBI filed a Motion to Dismiss Plaintiff's Complaint. Dkt. # 6. On June 21, 2017, Plaintiff filed both a Response to Defendant's Motion and an Amended Complaint. Dkt. ## 9, 10. Defendant then filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), based on Plaintiff's Amended Complaint. Dkt. # 11. Plaintiff did not respond to this Motion, therefore the Court will construe Plaintiff's previous Response as a response to Defendant's current Motion.

### III. LEGAL STANDARD

#### A. FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject-matter jurisdiction, and in such cases the court may consider materials beyond the complaint. *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

#### B. FRCP 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a

claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**IV.    DISCUSSION**

Under 18 U.S.C. § 925A, a person denied a firearm pursuant to 18 U.S.C. § 922 due to the provision of erroneous information by any State or political subdivision or by the NICS "may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States" for an order directing the information be corrected, or the transfer approved. The Court may also allow the prevailing party a reasonable attorney's fee as part of the costs. 18 U.S.C. § 925A.

Defendant argues that Plaintiff lacks Article III standing because is no "case or controversy" as required for federal jurisdiction. "Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Hamamoto v. Ige*, No. 15-15572, 2018 WL 615429, at *2 (9th Cir. Jan. 25, 2018). There must be an actual

controversy "extant at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008). "This means that, at all stages of the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant [that is] likely to be redressed by a favorable judicial decision.'" *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Defendant represents that after reviewing the information in the NICS database, it has been determined that Plaintiff is able to purchase a firearm, and there is no information in the NICS databases that would prevent him from doing so. Dkt. # 12. Defendant sent Plaintiff a letter informing him of this fact. Dkt. # 12-1. Therefore, there is no controversy and Plaintiff's claim is moot.

To the extent that Plaintiff seeks equitable relief from Defendant, his claim also fails. 18 U.S.C. § 925A does not provide for any such relief. Pursuant to the statute, Plaintiff may bring action for an order directing that the erroneous information be corrected or the transfer approved, and the Court may allow the prevailing party reasonable attorney's fees. Here, the information at issue has been corrected and Plaintiff may now purchase a firearm. However, Plaintiff is not a prevailing party where relief is obtained through "[a] defendant's voluntary change in conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 1840, 149 L. Ed. 2d 855 (2001). Neither has Defendant, as the federal government, waived sovereign immunity with respect to any claim for equitable relief. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

Plaintiff also requests that the NICS division of the FBI "automatically pass" all background checks while it is "closed to deal with refugee vetting" as it is a "direct violation of the 5th Amendment . . . . [a]s well as 2nd, 6th and others." Dkt. # 9 at 4. The only factual allegations that appear to relate to a constitutional claim are Plaintiff's

1 contentions that the denial of his firearm purchase assumed his "guilt before innocence",
2 that the closure of the NICS division violates the Fifth Amendment, and that Plaintiff was
3 denied his right to self-defense against Mr. Maitland and denied the "pursuit of
4 happiness". Dkt. # 9 at 2.

First, the NICS is not, as Plaintiff alleges, closed. Dkt. # 11 at 20. Second, as noted above, Plaintiff's constitutional claims are moot. Plaintiff is currently able to purchase a firearm, and makes no factual allegations to support any other violations of his constitutional rights. Plaintiff also attempts to bring a claim against individual federal agents and U.S. Attorney Annette L. Hayes for denial of his right to purchase a firearm under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, to survive a motion to dismiss in a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to do so. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to all Defendants[1].

Even taking these allegations as true and construing them liberally, the Court concludes that Plaintiff lacks standing and that his Amended Complaint fails to state a valid claim for relief. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)) ("Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally.") The Court **DISMISSES** Plaintiff's Amended Complaint without leave to amend. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect")

---

[1] Defendant argues that Plaintiff's Amended Complaint should be dismissed because service of process has not been affected on any of the defendants. As the Court finds that Plaintiff does not have standing to bring this claim, Defendant's argument will not be addressed at this time.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 11.

Dated this 13th day of February, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge